Lin v. Sessions

BIA
Nelson, IJ
A200 594 144

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of April, two thousand seventeen.

PRESENT:
> REENA RAGGI,
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

_____

QING LIN,
> *Petitioner,*

> v.

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.**

15-1340
NAC

_____

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jefferson B. Sessions III is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

**FOR PETITIONER:**                    Mona Liza Fabular Lao, Fabular, Li & Associates, P.C., New York, New York.

**FOR RESPONDENT:**                    Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Greg D. Mack, Senior Litigation Counsel; Hillel R. Smith, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qing Lin, a native and citizen of China, seeks review of the BIA's affirmance of an Immigration Judge's ("IJ") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *See In re Qing Lin,* No. A200 594 144 (B.I.A. Mar. 30, 2015), *aff'g* No. A200 594 144 (Immig. Ct. N.Y.C. Feb. 26, 2013).

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA, *see Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005), applying well established standards of review, *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165–66 (2d Cir. 2008).  In so doing, we assume the parties' familiarity with the underlying facts and procedural history of this case.

2

For asylum applications like Lin's, the agency, upon "[c]onsidering the totality of the circumstances," may base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements and other record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d at 163–64. "We defer therefore to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d at 167.

Here, the agency reasonably relied on inconsistencies among Lin's testimony, the testimony of her alleged uncle, and a letter from her alleged cousin regarding whether they were related. *See Xiu Xia Lin v. Mukasey*, 534 F.3d at 166–67. Specifically, Lin referred to the cousin as either sponsor or cousin, but the cousin's affidavit said Lin was his nephew, while the uncle, who was called as a witness to corroborate Lin's church attendance, claimed not to know the cousin (who allegedly was his son) and denied that he and Lin were related. These inconsistencies alone are sufficient support for the adverse

3

credibility determination because they indicate that Lin fabricated her claim of continuing church attendance. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("So a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence."). When confronted with these discrepancies, Lin gave a series of inconsistent responses that did fully explain the contradicting evidence. The IJ was not required to credit Lin's various shifting justifications. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (citations and internal quotation marks omitted)).

The adverse credibility determination is further supported by an inconsistency between Lin's testimony and documentary evidence regarding her practice of Christianity in China. She confirmed that she first attended church in China on June 21, 2009, but submitted a letter from the church that she accepted Jesus Christ as her savior on June 1, 2009. The agency was not

required to accept Lin's explanation that the letter contained an error.  *See id*.

Given the multiple inconsistencies within and among the testimony and documentary evidence, substantial evidence supports the agency's adverse credibility determination.  *See Xiu Xia Lin v. Mukasey*, 534 F.3d at 165–66.  That finding is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5